WILLIAMS, Judge.
This is an appeal from a decision by the Civil Service Commission upholding the dismissal of Daniel P. Ziegler from the New Orleans Fire Department based on his alleged inability to perform his duties as a result of his alcoholism.
Ziegler had been with the Fire Department for seventeen years. Although he testified that he had been drinking heavily since he was fourteen, there was no evidence that his alcoholism interfered with his duties as a Fire Captain, other than one seizure that he suffered at the station house. He had tried to seek professional help to quit drinking, but was unable to remain with a program for any length of time.
Ziegler suffered an injury when he struck his head during a seizure he suffered at home in March, 1981. He consulted Dr. Jack Ruli for treatment of his head injury. Dr. Ruli was the physician for the New Orleans Fire Department. Ziegler returned to work in May, 1981.
On June 25, 1981, Ruli sent a report to William McCrossen, Superintendent of the Fire Department. The letter stated in part:
“My opinion is that Mr. Ziegler be considered totally and permanently disabled from performing fire duty. This is based on the diagnosis of severe alcoholism which has caused him to have a seizure problem, abnormal brain findings and liver disease....
“I would like to make the following recommendation. That Mr. Ziegler be maintained in long-term rehabilitation program with careful supervision. (This has failed in the past!) If this can be accomplished successfully he may possibly improve sufficiently for re-evaluation at a later date.”
As McCrossen testified at the Civil Service Commission hearing, the basis for the dismissal was the letter from Ruli, stating that Ziegler was unable to return to Fire Duty. Ziegler was told to make arrangements with the Fireman’s Pension Board.
Because Ziegler had been with the Fire Department for just seventeen years, he was only eligible for a medical pension. He was denied a pension by the Board, because in its opinion, Ruli’s letter showed that Ziegler was not totally and permanently disabled.
*313 Ziegler appealed the decision of Superintendent McCrossen to the Civil Service Commission. After a hearing, the Commission upheld the decision to terminate Ziegler’s employment. He has appealed from that decision to this court.
On appeal, Ziegler has urged two errors: (1) Dr. Ruli’s testimony was inadmissible based on the patient-physician privilege, and (2) based on the evidence, the Civil Service Commission should not have upheld his dismissal.
PATIENT-PHYSICIAN PRIVILEGE
Ziegler argues that the evidence presented by Ruli should have been excluded because Ruli was his physician, and he did not waive the patient-physician privilege.
The defense asserts that: (1) the privilege did not exist between Ruli and Ziegler and (2) assuming arguendo that communications between them were privileged, Ziegler waived the privilege by not asserting it timely.
In McConkey v. Pinto, 305 So.2d 469 (La.1974), the Louisiana Supreme Court held that the patient-physician privilege was waived when a patient failed to claim it at trial or to object to testimony on that basis. Id. n. 3 at 471. See generally La.R.S. 13:3734.
At no time during the hearing did Ziegler or his attorney assert that any communication between plaintiff and Ruli was privileged. It is not necessary, therefore, for us to determine whether any communication between Ziegler and Ruli was privileged; Ziegler cannot now assert that it was.
This argument is without merit. DISMISSAL
It is clear from the record that the only evidence upon which McCrossen based his decision to terminate Ziegler’s employment was the letter from Dr. Ruli.
Ruli’s letter appears to be inconsistent. He stated that Ziegler was totally and permanently disabled. He also stated, however, that Ziegler might possibly be able to return to work after being re-evaluated at a later time. This inconsistency is highlighted by the Pension Board’s refusal to find Ziegler disabled on the basis of the letter.
 We find that Ziegler was not permanently disabled. The only evidence that he might not eventually return to work is Ruli’s letter, which was supported equivoca-bly by his testimony at the Commission hearing. At the hearing (and to an extent in his letter), Ruli said that if Ziegler could quit drinking for a year, or possibly less, then he might be able to return to the position of Fire Captain.
The testimony presented at the hearing to the effect that Ziegler has participated in a rehabilitation program and has successfully controlled his drinking for a number of months was uncontradicted. Furthermore, testimony indicated that Ziegler’s seizures were a result of his drinking, and once his drinking was under control, he would no longer suffer the seizures.
According to testimony at trial, Ziegler had accumulated almost one year of statutory sick leave. Ziegler argues that he should be allowed to use his sick leave to recover. Although the Superintendent MeCrossen testified that it was difficult to maintain a full force because of the various leaves allowed to the employees, that consideration alone cannot be sufficient to terminate employment if the employee is entitled to take sick leave and is not totally and permanently disabled. The solution to this apparently difficult problem lies in reform of the leave policy, not the dismissal of employees who are not totally and permanently disabled.
Ziegler is a seventeen year veteran of the Fire Department who is statutorily entitled to approximately 300 days of sick leave. From the vast majority of evidence presented, it appears that he may eventually be able to function in his position. The only evidence against this assertion was contradicted by the same person who presented it. Ziegler may or may not eventually be able to return to the Fire Department. Furthermore, there was no evidence presented upon which the Civil Service Commission could *314 determine that Ziegler’s alcoholism was the result of his own negligence or culpable indiscretion. He should be allowed his accrued sick leave to rehabilitate himself so that he may return to work. If he is unable to do so, then clearly he should be entitled to his medical pension.
For the foregoing reasons, the decision of the Civil Service Commission upholding the dismissal of Daniel P. Ziegler on the basis that he was totally and permanently disabled is hereby reversed. Ziegler is to be reinstated, and the time elapsed since his dismissal is to be considered as statutory sick leave.
REVERSED.