BARRY, Judge.
This is Captain Daniel Ziegler’s second appeal of his dismissal from the New Orleans Fire Department due to alleged alcoholism.
In Ziegler I the Fire Department’s physician, Dr. Jack Ruli, said in 1981 that Ziegler was totally and permanently disabled, but inconsistently added Ziegler might be able to work after a rehabilitation program. He was dismissed, the Civil Service Commission affirmed, but we reversed and ordered him reinstated to sick leave status to provide time for possible rehabilitation or a medical pension. 426 So.2d 311 (La.App. 4th Cir.1983), writ denied 441 So.2d 752 (La.1983). He was advised on June 13, 1983 by an assistant city attorney that he would be placed on sick leave. Nothing happened so Ziegler filed a contempt motion in this court which was denied under C.C.P. Art. 2251 on September 1, 1983.
Superintendent McCrossen ignored our judgment so Ziegler appealed to the Commission for reinstatement in accord with Ziegler I. Apparently it was agreed he would have another physical examination, but he was not reinstated.
On November 3, 1983 Dr. Ruli submitted a report which said Ziegler was “not suitable for duty” because of alcoholism. Unfortunately, the doctor vacillated again on a definitive diagnosis and recommended consultation with three specialists after which he would submit a “final” report.
Ziegler’s appeal to the Commission for compliance with Ziegler I was denied on December 15, 1983. The Commission ordered the Fire Department to take “appropriate definitive action” on Ziegler’s status.
On December 27, 1983 McCrossen fired Ziegler based on Dr. Ruli’s November 3rd report. Ziegler appealed a fourth time to the Commission.
Before a Hearing Examiner on May 10, 1984 the City relied on Dr. Ruli’s June 25, 1981 report (rejected in Ziegler I) and the November 3, 1983 report. Dr. Bruce Sam-uels, internist, saw Ziegler January 19, 1984 and said he had “none of the stigmata of a severe alcoholic” — jaundice, vascular abnormalities, redness of the palms, significantly enlarged liver, or fluid in the abdomen. Dr. Samuels testified the mild cortical atrophy found by Dr. Ruli was a strong indication of normal aging. He saw no clinical evidence of liver disease or chronic alcoholism, but said he was not aware of prior blackouts. He said Ziegler admitted drinking heavily in the past, still imbibed occasionally, and planned to attend Alcoholics Anonymous.
Dr. John Olson, neurologist, examined Ziegler January 24, 1984 and found no abnormality. He stated seizures can be a withdrawal syndrome in some alcoholics but Ziegler did not have a seizure disorder. *1359 He admitted Ziegler’s abstinence from alcohol prior to his examination could have caused the symptoms to subside. Dr. Olson found no reason why Ziegler could not return to work.
Dr. Ruli’s testimony did not vary from his November 3rd letter. He testified Ziegler stated that he drank socially and had his last drink two weeks earlier. The physical was normal except for mild enlargement of the liver. Although he found Ziegler clinically all right as did Doctors Olson and Samuels, Dr. Ruli noted that staying sober a few weeks could cause such a positive result.
McCrossen testified that he fired Ziegler solely on Dr. Ruli’s November 3rd letter.
Ziegler, a 17 year veteran in 1981, stated he was enrolled in the alcoholic abuse program at F. Edward Hebert Hospital from March 5,1984 until April 13,1984. He was participating in its after care treatment program (from 6 months to 1 year) and declared he did not have a drink in three months.
Dr. Ruli said he would not approve a return to duty after such a short rehabilitation effort. He wanted Ziegler evaluated on an ongoing basis and said he would re-evaluate him in six months. The hearing was held on May 10, 1984, but the Commission’s refusal to reinstate was not released until October 24, 1984, two weeks short of Dr. Ruli’s suggested re-evaluation. Hence, the result of Ziegler’s attempted rehabilitation is unknown.
Ziegler’s most current physical condition is shown in a January 3, 1985 letter from Dr. Samuels to Dr. Ruli. Dr. Samuels examined Ziegler on November 30, 1984, and saw no evidence of stigmata, and found him “more than capable” of returning to work.
Ziegler correctly argues the Commission failed to follow the “law of the case” (Ziegler I) and the Commission was arbitrary and capricious because there is insufficient proof that his alleged condition impaired the department’s efficiency.
Dismissal of a fireman with permanent status in the classified civil service must be based upon good or lawful cause. Walters v. Department of Police of City of New Orleans, 454 So.2d 106 (La.1984). When an employee in the classified service is unable or unwilling to perform the duties of the position satisfactorily, has committed any act to the prejudice of the service, has omitted to perform any act it was his duty to perform, or otherwise has become subject to corrective action; the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service, including removal from the service. Civil Service Rule IX § 1-1.
The appointing authority bears the burden of proof. La. Const. Art. X § 8; Lombas v. Department of Police, 467 So.2d 1273 (La.App. 4th Cir.1985), writ denied 470 So.2d 120 (La.1985). The Civil Service Commission’s decision is subject to review on any questions of law or fact by the court of appeal. La. Const. Art. X § 12; Bruno v. Department of Police, 462 So.2d 139 (La.1985), appeal dismissed, cert. denied — U.S. -, 106 S.Ct. 39, 88 L.Ed.2d 32 (1985). A reviewing court should apply the clearly wrong or manifest error rule in deciding whether to affirm the Commission’s factual findings. Walters v. Department of Police Of New Orleans, supra.
The mandate of Ziegler I is clear. Ziegler was to be reinstated to sick leave status in order to pursue rehabilitation. McCrossen failed to follow that mandate and the Civil Service Commission sidestepped compliance. Unquestionably, Ziegler is entitled to all of his accumulated sick leave.
Ziegler I held that he was not totally and permanently disabled in 1981. Our primary query is whether the City carried its burden to show Ziegler was unfit for duty in 1984.
Dr. Ruli was the City’s only witness. He found Ziegler clinically passable, but he was Ziegler’s personal physician and was obviously concerned with his patient’s history of drinking and prior rehabilitation efforts. Dr. Ruli’s November 3rd report *1360 and his May 10th testimony are certainly not stronger or more probative than his 1981 opinion which triggered the original firing reversed by this court.
Drs. Samuels and Olson, admittedly less familiar with his personal history, found no reason why Ziegler could not function as a Fire Captain.
The Commission noted that Ziegler completed treatment at Hebert hospital and was participating in A.A., two requisites of Dr. Ruli. Whether Ziegler maintained the regimen is not known because there was no follow through,, as happened in Ziegler I. As of November 30, 1984 he was totally functional.
This matter wouldn’t be before us two years after Ziegler I if McCrossen or the Commission had obeyed our judgment. Ziegler relied on Dr. Ruli’s 1981 finding of “total and permanent disability,” but was denied a medical pension by the Pension board. Ziegler is entitled to reinstatement or a medical pension, a decision that should have been made four years ago.
It would be futile to remand for a medical update which would trigger another round of medicals and appeals. We find the City did not meet its burden of proof that Captain Ziegler was unfit for duty as of May 10, 1984. The Commission’s ruling to the contrary was clearly wrong.
The Civil Service Commission is reversed. Captain Daniel Ziegler is reinstated to his position at the time of his original dismissal and is entitled to all back pay and accrued benefits. This opinion does not precude future action if new, conclusive evidence should develop. Appellee to pay all costs.
REVERSED.
REDMANN, C.J., dissents.