WILLIAMS, Judge.
This is an appeal from a judgment of the Civil Service Commission which upheld the dismissal of Brian Brumfield from the New Orleans Fire Department based upon his inability to perform his duties as a firefighter. Appellant asserts that the Commission erred 1) in failing to grant to him the sick leave to which he is statutorily entitled under LSA-R.S. 33:1995; and 2) in ruling for the Appointing Authority absent *76 proof that appellant was unable to fulfill his duties as a firefighter. We reverse.
This case originated in 1984, when plaintiff appealed his first dismissal, claiming that he was denied procedural due process in that he was not given an opportunity to respond to the charges against him. This Court reversed based on the insufficiency of pre-dismissal notice afforded to plaintiff as a Civil Service employee, citing Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Brumfield v. Dept. of Fire, 488 So.2d 1181 (La.App. 4th Cir.1986). Plaintiffs second dismissal on July 22, 1986 was also upheld by the Commission but overturned by this Court for failure to provide procedural due process. Brumfield v. Dept. of Fire, 523 So.2d 876 (La.App. 4th Cir.1988). In that case, plaintiff had not been provided written notice of the charges against him. Plaintiffs third termination on the same grounds was upheld by the Commission on June 29, 1989, and plaintiff filed this appeal on the merits.
Plaintiff worked for the New Orleans Fire Department from January, 1980 until his dismissal in November, 1984. During this time, plaintiff used over 400 days of annual and sick leave, over 200 of which were due to on-duty injuries. He was charged with tardiness on five occasions, four within the first four months of his employment and one in 1983, and suspended for three of those violations.
On November 1, 1984, plaintiff informed his supervisor, Captain Wilbur Dick, that he had a drug problem for which he wanted to seek professional help. On November 3, 1984, plaintiff voluntarily admitted himself to River Oaks Hospital for a detoxification program. Plaintiff testified that the program generally lasted twenty-eight to thirty-five days, but that its duration was determined on a case by case basis.
On November 7, 1984, the Superintendent of Fire, William McCrossen, sent plaintiff a letter at the hospital informing him that his sick leave had been exhausted and that he would automatically be placed on accrued annual leave, which would be exhausted on November 23, 1984. The letter did not order plaintiff to return to work, and plaintiff testified that he mistakenly assumed that the Department would grant him leave without pay (LWOP), as it had done on a prior occasion when plaintiff was injured.
On November 26, 1984, McCrossen sent plaintiff a “Rule IX”[1] letter, informing plaintiff that he had exhausted all of his accrued sick and annual leave, that the Department was denying him LWOP, and that he was being dismissed because of his inability to perform the required duties of the job of Firefighter.
On November 27, 1984, plaintiffs attending psychiatrist, Dr. Robert W. Davis, sent a letter to the Department informing them that plaintiff “has actively and completely cooperated with the treatment program and in my opinion is ready to return to work without any limitations or restrictions.” [2] Additionally, Dr. Davis testified that at the time of his discharge from the hospital, plaintiff was completely drug-free and capable of returning to full duty as a firefighter. Plaintiff testified that, although he was prescribed anti-depressant medication as an outpatient upon his release from the hospital, he did not take it, and that he wanted to return to work.

Assignment of Error No. 1

Plaintiff asserts that the Commission erred in failing to credit him the full statutory sick leave provided in LSA-R.S. 33:1995.[3] Plaintiff argues that the remain *77 der of his statutorily granted leave should have been applied to the duration of his substance abuse treatment. This assignment has merit.
The record shows that the Department dismissed plaintiff after concluding that he had exhausted all leave. In addition to the November 26, 1984 Rule IX letter to plaintiff indicating that he had no leave remaining, McCrossen testified at the February 22, 1985 Commission hearing:
It was a Rule IX letter. Rule IX, unwilling or unable to perform your duties. In effect, that is what it says. Firefighter Brumfield had exhausted all type of leave, sick leave, annual leave, no leave at all, everything.
******
There was no more leave for Mr. Brum-field. It was exhausted, so you have to do something about it? [sic] You have to be accountable, and the only way to be accountable was to carry him on leave without pay.... I, as the head of the department, I am the only one that can make a decision whether we can carry someone on leave without pay.
In fact, however, the parties do not dispute that plaintiff had twenty-nine weeks of statutory sick leave remaining at the time of his dismissal. This leave is applicable to plaintiffs treatment for substance abuse, as the record does not show any negligence or culpable indiscretion on plaintiffs part. Ziegler v. Department of Fire, 426 So.2d 311 (La.App. 4th Cir. 1983).
In Ziegler, we held that the plaintiffs statutory sick leave could be applied to his rehabilitative period for alcoholism. Ziegler is controlling in the instant case. We do not distinguish alcoholism from drug abuse, as both may be considered substance abuse. Moreover, the record discloses no “negligence or culpable indiscretion” on plaintiffs part. See LSA-R.S. 33:1995. Plaintiffs supervisor testified that he was a competent worker, and there is absolutely no evidence that plaintiff was ever under the influence of drugs while on the job. Plaintiff approached his employer with úrgency and requested time off for rehabilitation as soon as he realized that it was necessary. Plaintiff successfully completed the treatment program and has apparently been drug-free since that time.
Finally, we note that there is nothing in LSA-R.S. 33:1995 limiting its application to on-duty injuries or illness which would preclude its application to the instant ease. See Opinion Attorney General, No. 87-295 (Oct. 6, 1987).

Assignment of Error No. 2

Next, plaintiff asserts that the Department failed to prove that he was unable to fulfill his duties as a firefighter under Rule IX of the Civil Service Commission rules. We agree.
The record clearly shows that at the time of his dismissal from the Department, plaintiff was successfully completing the drug rehabilitation program and was capable of returning to work without any restrictions or limitations. Further, plaintiff testified that he would have returned to work if he had known that the Department was not going to grant him LWOP.
McCrossen testified that plaintiff was not dismissed for the drug problem alone, but in consideration of his entire past record, which included excessive absences and five charges for tardiness. Even considering plaintiffs entire record, we conclude that the Commission erred in affirming his dismissal. The record shows that over half of the more than 400 absences resulted from an on-duty injury. Of the five charges brought against plaintiff for tardiness, one was dropped. Of the four remaining, three occurred in the first months of plaintiffs employment and the final one in November, 1983. As stated by plaintiffs supervisor, plaintiff was a competent worker. When considered together with his ability and willingness to return to work at the end of his hospitalization, we conclude that the Commission was manifestly erroneous in upholding plaintiffs dismissal.
For the foregoing reasons, the ruling of the Commission is reversed. Plaintiff is reinstated and awarded full back pay and benefits, subject to a reduction for any *78 amounts earned or received by plaintiff during the period of his suspension.
REVERSED.

. Rule IX of the Civil Service Commission for the City of New Orleans provides that a classified employee may be dismissed when he is "unable or unwilling to perform the duties of his/her position in a satisfactory manner.”

. Although this letter was sent the day after plaintiffs dismissal, McCrossen testified that it would not have affected his decision to dismiss plaintiff.

.LSA-R.S. 33:1995 reads:
Every fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or cupl-pable indiscretion for a period of not less than fifty-two weeks.