504 So.2d 561 (1986)
James W. MURRAY
v.
DEPARTMENT OF REVENUE AND TAXATION.
Nos. CA 85 1356 (C/W), CA 85 1357.
Court of Appeal of Louisiana, First Circuit.
December 17, 1986.
Rehearing Denied February 25, 1987.
Writs Denied April 20, 1987.
*563 Kenneth L. Riche, Baton Rouge, for appellant.
Oliver W. Williams, Staff Atty., Department of Justice, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Department of State Civil Service, Baton Rouge, for Herbert L. Sumrall.
Before EDWARDS, WATKINS and LEBLANC, JJ.
LEBLANC, Judge.
This is an appeal from a decision by the State Civil Service Commission upholding the appellant's suspension and termination from the position of Attorney III with the Department of Revenue and Taxation.

FACTS:
Appellant, James W. Murray, was employed as an Attorney III with permanent status with the Department of Revenue and Taxation. By letter dated September 22, 1981, appellant was notified that he was suspended from duty and pay for a period of twenty-eight (28) days, effective from September 18, 1981 until October 16, 1981. The letter, written by Riley F. Boudreaux, Jr., General Counsel, and Richard MacMurdo, Deputy Secretary, indicated that the suspension was based on Murray's unauthorized use of annual leave and for insubordination to his superiors for intentionally disobeying the denial of a request for four hours annual leave on September 17, 1981. Murray appealed the suspension to the State Civil Service Commission alleging that the suspension was unwarranted and denying the charge of insubordination.
On October 11, 1982, James Murray was informed by Riley Boudreaux that he was terminated from his position with the Department of Revenue and Taxation. On October 18, 1982, Boudreaux telephoned and advised Murray that he was on annual leave from October 11, 1982, until October 18, 1982, and was thereafter suspended for an unspecified period of time.
On October 29, 1982, Murray received a letter from Shirley McNamara notifying him of the reasons for the October 18, 1982 suspension. In addition, the letter terminated Murray's employment with the Department effective November 15, 1982. The letter specified several grounds for the termination.
The termination was also appealed by Murray to the State Civil Service Commission. The hearings on the suspension and termination were consolidated and assigned to a civil service referee.
On February 11, 1985, the referee issued its final opinion in which the suspension and termination of Mr. Murray were upheld. Murray subsequently appealed the decision of the referee to the Civil Service Commission. On May 16, 1985, the Commission denied the application for review, thereby making the decision of the referee the final decision of the Commission.
On June 14, 1985, James Murray appealed the decision rendered by the Civil Service Commission urging ten (10) assignments of error on the termination hearing, and one (1) assignment of error on the suspension.
For the following reasons, this Court need only address error assignment number 8 in the termination hearing in which the appellant contends that the referee erred by concluding that the appellant could be terminated without the benefit of a pre-termination hearing, and the one assignment of error in the suspension hearing.

TERMINATION:
Thus, the first issue to be decided by this Court is whether the appellant, James Murray, can raise the constitutionality of Civil Service Rule 12.3 for the first time on appeal. It is the opinion of this Court that Rule 12.3 does not give an aggrieved party the right to appeal the issue of a constitutional violation of the due process clause to the Civil Service Commission. In addition, this Court is of the opinion that the Civil Service Commission is not the proper forum in which to test the constitutionality of its own rules and procedures. *564 Clark v. Department of Transp. & Dev., 413 So.2d 573 (La.App. 1st Cir.1982).
For these reasons and under the discretion given to this Court under Uniform RulesCourt of Appeal Rule 1-3[1] we will entertain the appellant's challenge to the constitutionality of Civil Service Rule 12.3.

ASSIGNMENT OF ERROR NO. 8:
Appellant contends that Civil Service Rule 12.3[2] is an unconstitutional violation of his due process rights as guaranteed by the 5th and 14th amendments of the United States Constitution, and article I, section 2 of the Louisiana Constitution. Under the facts of this case, we agree.
Appellant's federal constitutional claim depends on his having had a property right in continued employment. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 2708-9, 33 L.Ed.2d 548 (1972). If he did have such a right, the state could not deprive him of this right (by terminating him) without due process of law. Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 735-736, 42 L.Ed.2d 725 (1975).
The Louisiana Constitution creates a property interest in public employment in article 10 Section 8. Article 10 Section 8 provides that state employees shall not be subject to disciplinary action except for cause. Clearly, this is enough to create a property right in employment with the State as it creates a definable and defensible interest in continued employment. Vanderwall v. Horner 635 F.Supp. 688 (E.D.La.1986). Having found a right, the question before the Court is whether the State provided the appellant with a constitutionallyadequate opportunity to challenge its actions before depriving the plaintiff of his property interest. U.S. Const. amends. V, XIV; La. Const. art. I, § 2.
In Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 1492-93, 84 L.Ed.2d 494 (1985), a security guard was dismissed for "dishonesty" in filling out a job application. Prior to dismissal, Loudermill was not afforded an opportunity to respond to the charge or challenge the dismissal. Under Ohio law, Loudermill was a "classified civil servant." As such, he could be terminated only for cause and was *565 entitled to administrative review of the dismissal. Subsequently, Loudermill filed an appeal with the Civil Service Commission. The Commission referred the case to a referee who recommended reinstatement. After the full Commission heard the case, it announced that it would uphold the dismissal of the employee. Loudermill then filed suit in federal court, rather than pursuing it in state court, and alleged that the Ohio statute was unconstitutional on its face because it provided no opportunity for a discharged employee to respond to charges against him prior to removal, thus depriving him of liberty and property without due process of law. The United States Supreme Court held that minimum due process for a public employee who has a property interest in his job requires oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present reasons, either in person on in writing, why the proposed action should not be taken, prior to the discharge.
To determine whether James Murray's due process rights were violated in this case, the Court must balance Mr. Murray's interest in retaining his employment and the Board of Revenue and Taxation's interest in expeditious removal of unsatisfactory employees, the avoidance of administrative burdens, and the risk of an erroneous termination. See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).
The significance of the employee's private interest in retaining his employment is paramount. The employee must be given the opportunity to present his side of the case when he is being dismissed since dismissals for cause often involve factual disputes.
As stated in Loudermill, the pre-termination hearing need not definitively resolve the propriety of the discharge. The hearing need not be a full evidentiary hearing. It should be an initial check against mistaken decisions, essentially a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action. Affording the employee the opportunity to respond prior to termination would impose neither a significant administrative burden nor intolerable delays.
According to Civil Service Rule 12.3, in every case of removal, demotion or reduction in pay for cause of a permanent employee, the appointing authority or its authorized agent shall furnish to the employee, at the time such action is taken or prior thereto, a statement in writing giving detailed reasons for such action. The written notice shall include a statement alerting the employee to the fact that he may appeal the action to the Civil Service Commission within thirty (30) days. The employee is not given an opportunity to respond either in writing or orally to the appointing authority prior to the termination.
As stated before, the essential requirements of due process, and all the Court of Appeal requires are notice and the opportunity to respond. The opportunity to present reasons, either in person or in writing, why the proposed action should not be taken is a fundamental due process requirement. Loudermill, 105 S.Ct. at 1495.
Because James Murray was dismissed from his position as an Attorney III without the opportunity to respond orally or in writing before the dismissal, this Court concludes that the due process rights guaranteed in the United States Constitution and the Louisiana Constitution have not been met; therefore, we are compelled to reverse and set aside Murray's termination.
Because we have set aside the dismissal based on failure of compliance with due process requirements, we do not pass on the factual reasons for that dismissal. Our holding does not preclude the right of the Board of Revenue and Taxation and the Civil Service Commission to reconsider this matter after notice and an opportunity to respond have been met.

SUSPENSION:

Assignment of Error No. 1:
The appellant claims that the referee erred in concluding that the evidence indicated that there was a rational basis for *566 denying appellant's request for leave. The issue before the Court is whether there was sufficient evidence to support the referee's conclusion that legal cause existed for suspending the appellant from September 18, 1981 until October 16, 1981.
The suspension of James Murray was based on the insubordination of the appellant in deliberately disobeying a direct order denying Murray's request for four hours of annual leave to appear in Court on a private legal case. The appellant knew that the attorneys in the Department of Revenue and Taxation were forbidden to conduct private legal business on state time. The referee in his conclusions of law on the suspension stated that Civil Service Rule 11.7(a) is clear in that annual leave may be used only when approved by the appointing authority.
Appellant claimed that the discretionary authority was abused in that there was disparate treatment and personal animosity between himself and the general counsel. However, the referee concluded that, although the burden of proving disparate treatment was sustained, the denial of annual leave by Mr. Boudreaux was not based solely on personal animosity; therefore the appeal was denied.
Before a person who has gained permanent status in the classified state civil service, such as James Murray, can be subjected to disciplinary action, there must exist legal cause. At the hearing, the Department of Revenue and Taxation has the burden of proving legal cause by a preponderance of the evidence. La. Const. Art. 10 § 8(A). Legal cause is conduct which impairs the efficiency of the public service. In addition, a real and substantial relation must exist between the employer's conduct and the efficient and orderly operation of the public service. Guillory v. Department of Trans. & Devel., etc., 475 So.2d 368 (La.App. 1st Cir 1985).
To determine whether legal cause existed for the disciplinary action taken against the appellant which was heard by a referee appointed by the State Civil Service Commission, the Court of Appeal is required to independantly review the record to determine if the Commissions' conclusions were arbitrary, capricious, or clearly wrong. Goree v. Department of Corrections, Wade Corr. Ctr., 468 So.2d 829 (La. App. 1st Cir.1985).
After reading the record, it is apparent to this Court that a great deal of personality conflicts existed within the Department of Revenue and Taxation during the time span at issue. The referee heard a great deal of testimony from several employees within the department. He had to evaluate the testimony in light of the personality conflicts and make a credibility determination. In his conclusions of law, the referee indicated that, although disparate treatment was proven, the suspension was based on more than Mr. Boudreaux's personal animosity toward the appellant. The record indicated that on August 12, 1980 the legal staff at the Department was issued a memorandum in which they were advised that no private legal practice was to be conducted during or on state time. In derogation of this rule, Mr. Murray applied for annual leave on several occasions to perform private legal services during normal business hours. On April 21, 1981, July 1, 1981, and September 15, 1981, requests were made and denied for annual leave to perform private legal matters. In addition to this activity, the record contained several memorandums in which Mr. Murray was reprimanded for failing to obey the directives of his supervisor. Although prior reprimands may not be resurrected as grounds for further disciplinary action, they may be considered along with new grounds to determine whether there is legal cause for the disciplinary actions taken. Howard v. Housing Auth. of New Orleans, 457 So.2d 834 (La.App. 1st Cir. 1984).
This Court is of the opinion that the record reflects sufficient evidence of conduct which could impair the efficiency of the Department of Revenue and Taxation such that the referee and the Commission were not arbitrary, capricious, or clearly wrong in their finding of sufficient *567 legal cause to uphold the suspension of the appellant, James W. Murray.
For the foregoing reasons, the decision of the Civil Service Commission is affirmed in its suspension of James Murray from September 18, 1981 until October 16, 1981, but the decision upholding Mr. Murray's termination is hereby reversed and this matter is remanded for further proceedings consistant with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

ON APPLICATION FOR REHEARING
PER CURIAM.
The Department of Civil Service applied for a rehearing in this matter contending that Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) should not be applied retroactively.
It is not necessary for this court to rule on the issue of retroactivity for the following reasons:
The Loudermill case was decided by the U.S. Supreme Court on March 19, 1985. Appellant filed this appeal on June 14, 1985. Since this court has held that failure to raise the issue of unconstitutionality of a civil service rule at the commission hearing level, does not preclude appellant's raising said issue before this Court, the Loudermill decision is controlling and was the law at the time appellant's appeal was considered and decided.
There is no issue of retroactivity in this case.
For the foregoing reasons, rehearing is denied.
NOTES
[1] Rule 1-3. Scope of Review

The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
[2] Civil Service Rule 12.3

Procedure in Removals, Demotions and Reductions in Pay of Permanent Employees.
(a) In every case of removal, demotion, or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall:
1. Furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action.
2. In such cases, the appointing authority or his duly authorized agent shall, commencing January 1, 1978, include in the written notice the following provision: "You may appeal this action to the Civil Service Commission within 30 days. The appeal must conform to the provisions of Chapter 13 of the Civil Service Rules."
3. The appointing authority shall furnish the Director a copy of such statement within fifteen calendar days of the date the employee is notified.
(b) A written statement to which reference is made in the preceding paragraph shall be deemed furnished to the employee
1. Upon actual receipt by, or manual delivery to, the employee or to any resident of suitable age and discretion of the employee's domicile, or
2. On the seventh day subsequent to the day on which an appointing authority establishes that it was deposited in the United States Mail, with proper postage affixed, and addressed to the employee at his last known address as furnished to the appointing authority at the time of employment, or as changed by the employee in writing.
(c) For purposes of this Rule, "detailed reasons" shall include at least a description of the misconduct for which the disciplinary action is being levied, the date, time and place of such misconduct, the names of persons directly involved in or directly affected by the misconduct (unless their identities are protected by state or federal statute or regulation, in which case, identification shall be made as permitted by such statute or regulation) and such other information as will fully inform the employee of the charge against him and will enable him to prepare a defense.