510 So.2d 458 (1987)
Sara MAURELLO
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, OFFICE OF MANAGEMENT & FINANCE.
No. CA 85 0130.
Court of Appeal of Louisiana, First Circuit.
June 29, 1987.
Rehearings Denied July 15 and August 26, 1987.
*459 Robert J. Jones and Howard P. Elliott, Jr., Baton Rouge, for appellant.
Stevens J. White, Staff Atty., Dept. of Health & Human Resources, Office of the General Counsel, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civ. Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall.
Before GROVER L. COVINGTON, C.J., and LOTTINGER, EDWARDS, WATKINS, SHORTESS, CARTER, SAVOIE, LANIER, CRAIN, ALFORD, JOHN S. COVINGTON[*] and LeBLANC, JJ.
ALFORD, Judge.
This case is before us on remand from the Louisiana Supreme Court in order to reconsider plaintiff Sara Maurello's dismissal from her position as a state employee with permanent status in light of the due process requirements set forth by the U.S. Supreme Court in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).
When the case was originally before us in May of 1986, we upheld the Civil Service Commission's (CSC) action affirming the Department of Health and Human Resources' (DHHR) dismissal of Ms. Maurello. At that time, Ms. Maurello had not challenged her May 31, 1983, firing on due process grounds, either before the CSC or this court. Subsequent to the issuance of our unpublished opinion on May 28, 1986, Ms. Maurello sought a rehearing alleging that she had a constitutionally protected property right in her employment and could not be divested of her position until she had been given an opportunity to respond to charges against her in a pretermination hearing. After we denied her rehearing application, our supreme court granted writs, 496 So.2d 316 (La.1986), and remanded the case to us.
At the time of her firing, Ms. Maurello was employed as an Account Clerk II by DHHR in the Office of Management and Finance. Following a dispute with her supervisor, Ms. Maurello left her office on May 13, 1983, saying she was ill. Thereafter, by letter dated May 18, 1983, she was advised to return to work at 8:00 a.m. on May 23, 1983, or be terminated from her job for job abandonment. This letter, which was addressed to her last known address and sent by certified mail, return receipt requested, was returned to the agency. She did not return to work on May 23, 1983. A second letter dated May 24, 1983, informed Ms. Maurello that she was terminated effective May 31, 1983. This letter was also sent to her last known address and it was not returned to the agency. A third letter dated May 31, 1983, was sent to Ms. Maurello at a different address, advising her that she was terminated as of that date. Ms. Maurello received the termination letters on June 2, 1983. The May 24 letter advised her that she had thirty days to appeal the action to the CSC. She filed a timely request for a posttermination hearing, and the referee *460 denied her appeal after holding a full evidentiary hearing.
Ms. Maurello was a classified civil service employee who, according to La. Const. art. X, § 8, could be dismissed only for cause. Therefore, she had a property right in her continued employment, of which she could not "be deprived except pursuant to constitutionally adequate procedures" in accordance with the U.S. Constitution's due process clause. Loudermill, 105 S.Ct. at 1493. U.S. Const. amends. V, XIV; La. Const. art. I, § 2. The U.S. Supreme Court stated, in pertinent part:
The essential requirements of due process... are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. (Emphasis ours)
105 S.Ct. at 1495.
As set forth in Loudermill, the requisite pretermination hearing need not be elaborate and need not be a full evidentiary hearing if the employee is later entitled to a full administrative hearing and judicial review. The court noted that the right to the pretermination hearing does not depend on a demonstration of certain success. Governmental interest in immediate termination does not outweigh the employee's private interest in retaining employment and in presenting his side of the case prior to termination as an aid to reaching an accurate decision.
Constitutional questions, such as an alleged violation of the due process clause, can be raised for the first time before this court instead of before the CSC in a case such as this. See Murray v. Department of Revenue and Taxation, 504 So.2d 561 (La.App. 1st Cir.1986), writs denied, 504 So.2d 880, 882, 883 (La.1987); Clark v. Department of Transportation and Development, 413 So.2d 573 (La.App. 1st Cir. 1982). As stated previously, Ms. Maurello raised her due process argument for the first time in her application for rehearing. While normally the appellate court does not consider issues raised for the first time on rehearing, under La. Code Civ.P. art. 2164, "[t]he appellate court shall render any judgment which is just, legal and proper upon the record on appeal." Moreover, Rule 1-3 (Uniform RulesCourts of Appeal) allows appellate courts the discretion to review issues other than those submitted to the trial court and designated as errors if clearly required in "the interest of justice."[1] Because of the importance of assuring that Ms. Maurello's fundamental constitutional due process rights are met, we will entertain her challenge of the termination procedure used by DHHR.
The requirements for terminating a civil service employee are set forth in Civil Service Rule 12.3 which provides that in every case of removal, demotion or reduction in pay for cause, the appointing authority or its authorized agent shall furnish to the employee, at the time such action is taken or prior thereto, a statement in writing giving detailed reasons for such action. Additionally, the written notice shall include a statement advising the employee that he may appeal the action to the CSC within thirty days. While this rule does not specifically require that the employee be allowed to respond prior to removal, it does not prohibit a pretermination hearing. The question before us, then, is not the constitutionality of the CSC rule, but whether or not basic U.S. and Louisiana constitutional due process requirements were met in Ms. Maurello's case, i.e., was Ms. Maurello afforded the opportunity to respond to the charges against her in any fashion prior to her dismissal? For this court to pass on such a question does not require the taking of additional evidence since a simple review of the record as it *461 appears on appeal will disclose whether Ms. Maurello was given the chance for a pretermination hearing. We find that neither of the termination letters received by Ms. Maurello on June 2, 1983, indicated that she had any right to respond, either in writing or orally, to the charge that she abandoned her position, prior to the May 31, 1983, dismissal date.[2] Therefore, we conclude that the fundamental federal and state constitutional due process requirements as set forth in Loudermill have not been met in the instant case.
DHHR and CSC contend that we should not retroactively apply Loudermill. Ms. Maurello filed her appeal on June 6, 1984. The Loudermill case was decided on March 19, 1985, while Ms. Maurello's case was on appeal. Since the judgment in Ms. Maurello's case has never become definitive within the meaning of La. Code Civ.P. arts. 1842, 2166 and 2167, the Loudermill decision is controlling and is the law we will apply. Our decision to apply Loudermill to Ms. Maurello's case is in no way intended to affect those prior CSC actions which have become definitive.
For the foregoing reasons, we are compelled to reverse the decision of the CSC and set aside Ms. Maurello's termination. Because we have set aside the dismissal based on failure of compliance with due process requirements, we do not pass on the factual reasons for her dismissal. Our holding does not preclude DHHR and CSC from reconsidering this matter after notice and the opportunity to respond have been met. This matter is remanded for further proceedings consistent with this opinion. Costs of this appeal in the amount of $50.00 are to be borne by CSC and DHHR.
REVERSED AND REMANDED.
LANIER, J., dissents.
CARTER, J., dissents and is of the opinion that constitutional questions cannot be raised for the first time in an application for rehearing of an appeal.
NOTES
[*] Judge John S. Covington, who heard oral argument in this matter, died on June 16, 1987, and did not participate in this opinion.
[1] Rule 1-3 of the Uniform RulesCourts of Appeal reads as follows:

The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
[2] The body of the letter of May 24, 1983, from DHHR to Ms. Maurello states, in its entirety:

Pursuant to Civil Service Rule 12.3, you are hereby notified that you are being terminated from your Account Clerk II position effective close of business May 31, 1983.
The reason for this action is that you have abandoned your position: specifically, you left your duty station at 9:00 a.m. Friday, May 13, 1983, and have failed to notify your superiors as to your availability to return to work. You have also failed to provide documentation to support your absence as previously directed. (Copies of correspondence attached)
Pursuant to appropriate Civil Service rules and DHHR policy, you are hereby advised you may appeal this action to the Civil Service Commission within thirty (30) days. The appeal must conform to the provisions of Chapter 13 of Civil Service rules.
The body of the letter of May 31, 1983, from DHHR to Ms. Maurello states, in its entirety:
This is to inform you that the termination stated in the attached correspondence is effective close of business May 31, 1983.
Pursuant to your conversation with Mr. Gene Knecht on this date, at which time you provided your correct address, we are forwarding the attached correspondence for your information.