523 So.2d 876 (1988)
Brian BRUMFIELD
v.
DEPARTMENT OF FIRE.
No. CA-7845.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Rehearings Denied May 11, 1988.
*877 Gilbert R. Buras, Jr., Gardner, Robein & Healey, Metairie, for plaintiff-appellant.
Okla Jones, II, City Atty., George A. Blair, III, Asst. City Atty., New Orleans, for defendant-appellee.
Before GARRISON, KLEES and ARMSTRONG, JJ.
GARRISON, Judge.
Plaintiff, Brian Brumfield, appeals from the ruling of the New Orleans Civil Service Commission upholding his dismissal from employment as a firefighter for the New Orleans Fire Department. On November 23, 1984, plaintiff was notified by letter from William J. McCrossen, Superintendent of the New Orleans Fire Department, that his employment was being terminated pursuant to Civil Service Commission Rule IX because plaintiff was unable or unwilling to perform his duties.
At the time of his termination, plaintiff had exhausted all of his sick leave and annual leave. Shortly before receiving the letter notifying him of the termination of his employment, plaintiff entered a clinic to overcome a drug addiction problem. Plaintiff received this letter while he was hospitalized and the effective date of his termination from employment was November 27, 1984, approximately ten days before he was released from the hospital.
Plaintiff appealed his dismissal to the New Orleans Civil Service Commission. He contended that he was discharged solely because of his drug addiction from which he is allegedly fully recovered at this time. However, Dr. Robert Davis, a psychiatrist, testified that plaintiff was not able to perform his firefighting duties on the date of his discharge from the fire department.
The Commission found that plaintiff's discharge was not solely the result of his hospitalization for drug addiction. According to Chief McCrossen of the New Orleans Fire Department, plaintiff's entire record was taken into consideration in determining whether or not he should be dismissed. Chief McCrossen noted that plaintiff had approximately 200 absences due to reasons other than non-duty injuries in the years 1980 through 1984. McCrossen further stated that it was his decision to terminate plaintiff's employment rather than grant him leave without pay.
The Commission ruled that the superintendent of the fire department acted within the boundaries of the regulations of the Department of Fire in invoking the aforementioned Rule IX of the Civil Service Commission, i.e. dismissing plaintiff for inability or unwillingness to perform his duties, and in refusing to grant plaintiff leave without pay. Because plaintiff's appeal to the Civil Service Commission was denied, he then appealed to this Court.
This Court reversed the decision of the Civil Service Commission agreeing with plaintiff's claim that he was denied due process because he was given no pre-termination opportunity to respond to the charges against him. Brumfield v. Department of Fire, 488 So.2d 1181 (La.App. 4th Cir.1986). The Court's basis for this ruling was the United States Supreme Court decision in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and Rule IX of the Civil Service Commission rules. The Loudermill decision stated that the minimum due process requirement for a public employee facing dismissal is notice and a pretermination opportunity to respond. In accordance with Loudermill, this Court set aside plaintiff's termination due to failure of compliance with the notice requirements; however, the Court specified that it was not passing on the reasons for plaintiff's dismissal. Furthermore, the Court stated that their holding did not preclude the right of the superintendent of the fire department and the Civil Service Commission *878 to reconsider this matter after plaintiff was given notice and an opportunity to respond to the charges against him.
On July 17, 1986, the plaintiff was ordered by telephone to report to the superintendent's office on Monday, July 21, 1986 at 10:00 a.m. The plaintiff was not told what the subject of that meeting would be. Upon his arrival at the July 21, 1986 meeting, the plaintiff was informed that an administrative hearing would take place immediately. Plaintiff was told at that time that he could testify and present information in his behalf. After this hearing, Chief McCrossen decided that plaintiff had not provided any information which mitigated the reasons for his original termination on November 23, 1984. Chief McCrossen then again ordered plaintiff's termination from employment with the fire department by letter dated July 22, 1986 and plaintiff again appealed to the Civil Service Commission.
The Civil Service Commission again upheld the superintendent's decision to dismiss plaintiff from employment with the fire department. The Commission found that the record supported the superintendent's finding that plaintiff was unable to perform his duties as a result of excessive absenteeism, caused in part by a drug abuse problem.
Additionally, the Commission found that the hearing accorded plaintiff by the superintendent after the remand from this Court was adequate under Cleveland Board of Education v. Loudermill, supra. For these reasons, the commission dismissed plaintiff's appeal and sustained plaintiff's dismissal from employment with the fire department. Plaintiff now appeals his dismissal to this Court.
Rule IX, Section 1.2 of the New Orleans Civil Service Commission rules states as follows:
"In every case of removal, suspension, reduction in pay, or fine of any employee in the classified service or of involuntary retirement or demotion of the employee, the appointing authority shall immediately furnish the employee and the Director a statement in writing of the reasons therefor. The Director shall notify the employee in writing at his last known address that he has a right to make a reply in writing, shall receive and consider the reply, and may make an investigation of the facts."
The record in this case does not contain any evidence showing that plaintiff was properly notified, in writing, of his pretermination hearing. Plaintiff's uncontroverted testimony established that he was notified by telephone that he was to report to the superintendent's office for a meeting.
In addition to the superintendent's failure to give written notice to plaintiff of the pretermination hearing, nothing in the record indicates that plaintiff was informed of the fact that his impending meeting with the superintendent was, in fact, his pretermination opportunity to respond to the charges against him. Once again, the superintendent failed to comply with the Loudermill requirement or with Rule IX, Section 1.2 of the New Orleans Civil Service Commission rules.
Therefore, the Civil Service Commission's ruling of January 28, 1977 terminating plaintiff's employment with the fire department must be reversed and set aside. Because the plaintiff's dismissal is being set aside due to the failure of the superintendent to comply with notice requirements, we are not passing on the reasons for the dismissal.
The superintendent and the Civil Service Commission may reconsider this matter after the plaintiff has received proper written notice and an opportunity to respond to the charges against him.
For the reasons stated above, the decision of the Civil Service Commission is reversed and set aside.
REVERSED AND SET ASIDE.