GARRISON, Judge.
On November 23, 1984, Brian Brumfield was terminated from his job as a fireman. His dismissal was found illegal by this Court in Brian Brumfield v. Department of Fire, 488 So.2d 1181 (La.App. 4th Cir.,1986), appeal after remand, 523 So.2d 876 (La.App. 4th Cir.,1988) due to violations of procedural due process, namely failure to provide written notice in violation both of U.S. Supreme Court jurisprudence and Rule IX of the City Civil Service Rules. That judgment was not appealed and is now final.
R.S. 49:113 provides:
“Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.”
The City refused to pay back wages to Brumfield. Accordingly, Brumfield brought the matter before the City Civil Service Commission.
On December 16, 1986, the City Civil Service Commission found and held that Brumfield was entitled to withheld wages for the period of his illegal separation, namely November 23, 1984 to July 21, 1986 when he was reinstated.[1]
Appealing from the ruling of the City Civil Service Commission, the City raises one issue:
“Is Brian Brumfield owed back pay?” (p.l, App’s brief)
On appeal the standard to be applied by this court is whether the Commission was arbitrary and capricious in its ruling. It was not. Additionally it was correct as a matter of law.
The City makes a number of arguments relative to the merits of the termination. These arguments go to the other appeal and are irrelevant to this appeal.
For the reasons discussed, the judgment of the Commission is affirmed.
AFFIRMED.

. On July 22, 1986 he was again terminated by the Appointing Authority, hopefully in a procedurally correct manner, however the second termination is part of another appeal and is irrelevant to the instant appeal.