543 So.2d 1150 (1989)
James W. MURRAY
v.
DEPARTMENT OF REVENUE AND TAXATION.
Nos. CA 88 0597, CA 88 0598.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
Kenneth L. Riche, Baton Rouge, for appellant.
Oliver W. Williams, Staff Atty., Dept. of Justice, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
FOIL, Judge.
This is an appeal from a decision of the State Civil Service Commission, on remand from this court, upholding the appellant's termination from the position of Attorney III with the Department of Revenue and Taxation and awarding back wages from the date of his initial termination through the date of the convening of the formal hearing on the merits of the termination.

*1151 FACTS
Since the initial facts of this case were previously outlined, we merely reiterate the statement of facts as set forth in the opinion of this court in Murray v. Department of Revenue and Taxation, 504 So.2d 561, 563 (La.App. 1st Cir.1986), writs denied, 504 So.2d 880, 882, 883 (La.1987):
Appellant, James W. Murray was employed as an Attorney III with permanent status with the Department of Revenue and Taxation. By letter dated September 22, 1981, appellant was notified that he was suspended from duty and pay for a period of twenty-eight (28) days, effective from September 18, 1981 until October 16, 1981. The letter, written by Riley F. Boudreaux, Jr., General Counsel, and Richard MacMurdo, Deputy Secretary, indicated that the suspension was based on Murray's unauthorized use of annual leave and for insubordination to his superiors for intentionally disobeying the denial of a request for four hours annual leave on September 17, 1981. Murray appealed the suspension to the State Civil Service Commission alleging that the suspension was unwarranted and denying the charge of insubordination.
On October 11, 1982, James Murray was informed by Riley Boudreaux that he was terminated from his position with the Department of Revenue and Taxation. On October 18, 1982, Boudreaux telephoned and advised Murray that he was on annual leave from October 11, 1982, until October 18, 1982, and was thereafter suspended for an unspecified period of time.
On October 29, 1982, Murray received a letter from Shirley McNamara notifying him of the reasons for the October 18, 1982 suspension. In addition, the letter terminated Murray's employment with the Department effective November 15, 1982. The letter specified several grounds for the termination.
The termination was also appealed by Murray to the State Civil Service Commission. The hearings on the suspension and termination were consolidated and assigned to a civil service referee.
On February 11, 1985, the referee issued its final opinion in which the suspension and termination of Mr. Murray were upheld. Murray subsequently appealed the decision of the referee to the Civil Service Commission. On May 16, 1985, the Commission denied the application for review, thereby making the decision of the referee the final decision of the Commission.
On June 14, 1985, James Murray appealed the decision rendered by the Civil Service Commission urging ten (10) assignments of error on the termination hearing, and one (1) assignment of error on the suspension.
In our original Murray opinion, this court upheld Murray's suspension, finding sufficient evidence to support the Commission's conclusion that legal cause existed for the suspension. However, with respect to the termination, we found that Civil Service Rule 12.3,[1] relative to the procedure *1152 for removal, demotion and reduction in pay of permanent employees, is an unconstitutional violation of Murray's due process rights as guaranteed by the 5th and 14th amendments of the United States Constitution, and article I, section 2 of the Louisiana Constitution. Murray, id. at 564. This holding followed an initial determination that a permanent classified employee of the state has a property right in continued employment under the Louisiana Constitution, article 10, section 8. Then, applying the mandates of the United States Supreme Court as set forth in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), this court held that the fundamental due process requirements for a public employee who has a property interest in his job are notice of the charges against him and an opportunity to present reasons, either in person or in writing, prior to the discharge, why the proposed action should not be taken. Under Civil Service Rule 12.3, the employee is not given an opportunity to respond to the appointing authority prior to termination. Because James Murray was dismissed without the opportunity to respond prior thereto, in violation of his Constitutional due process rights, we reversed and set aside his termination. Further, we specifically stated that our holding did not "preclude the right of the Board of Revenue and Taxation and the Civil Service Commission to reconsider this matter after notice and an opportunity to respond have been met." Murray, id. at 565. Thus, the matter was remanded for further proceedings consistent with that opinion.
On remand, the Civil Service Commission issued an opinion on December 22, 1987, in which it stated that, in considering a termination of a classifed employee, it does not "have the jurisdiction to determine whether there has been a violation of the due process clause of our constitution.... That function rests exclusively with the court.... The jurisdiction to award damages that may or may not include lost wages as a result of a unconstitutional deprivation rests with the courts." However, in spite of these admissions, the Commission found it to be its "responsibility to apply the findings of our Court of Appeal to the appellant's right to his job and wages in order to determine the proper remedy." The Commission then went on to conclude that the post-termination hearing afforded Murray pursuant to provisions of the Louisiana Constitution and the Rules of the Commission, "amply" met the demands of constitutional due process. The Commission stated in pertinent part:
We believe the appellant's entitlement to his job and wages is ... only for that period of time between the deprivation and the convening of the due process hearing. All other wages have been constitutionally deprived. We do not believe that the Court of Appeal's reversal of appellant's termination extended to a reversal of the termination that was effected after the meeting of constitutional due process standards, but only a reversal of the termination had in violation of those standards.... [T]he procedural concept of a pre-termination hearing at this point appears to us to be useless.... [T]o remand this matter to the appointing authority so that they may conduct a hearing on matters of which they are already fully aware is not necessary.... [W]e order the appointing authority to pay to appellant the wages he would have earned had he been employed as an Attorney III from the period of his initial termination, November 5, 1982, through the date of the convening of the formal hearing on the merits of the termination, February 16, 1984. The termination of appellant from the state classified service *1153 as a result of that February 16 hearing is constitutionally sound.
It is from this decision of the Commission that Sandra Y. Murray, succession representative of James W. Murray, deceased, brings the instant appeal. She sets forth eleven assignments of error, one of which urges that the Commission erred in ruling, on remand, in a manner inconsistent with the prior ruling of this court in the original Murray opinion. As we find merit in this contention, we pretermit discussion of the remaining assignments of error.
The opinion of the Commission is erroneous in several aspects. First, as initially recognized by the Commission itself and as stated by this court in the original Murray opinion, the Civil Service Commission is not the proper forum in which to test the constitutionality of its own rules and procedures. Regardless of this, the Commission determined that Murray's post-termination hearing was constitutional. Moreover, the Commission in effect found that this constitutional hearing cured the constitutional defect already existing in the matter, i.e., the failure to provide Murray with a pre-termination hearing. This is clearly wrong.
As stated by the Louisiana Supreme Court in Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199, 201-202 (1958):
[I]n the instance of one who has acquired permanent Civil Service status'Until there has been a lawful removal for cause, a civil servant is legally entitled to recognition of his permanent status as such, with the corresponding right to enforce the attending emoluments, rights and benefits flowing therefrom.' In reviewing the decisions of the Civil Service Commissions on appeal here, when the facts show, as in this case, that the employee was illegally dismissed and his services never lawfully terminated, we have said that such employee retained his permanent status as a Civil Service servant and is entitled to receive payment of his salary during the period of time, and until he has been lawfully removed or suspended for cause. (Citations omitted)
Here, the Commission failed to comply with the order of this court. In Murray, we reversed and set aside Murray's termination. The effect of this action was to return Murray to the position he was in prior to his termination. In other words, it is as if Murray was never terminated. As we specifically stated in Murray, the Department had the right to reconsider the matter by again giving Murray notice of the charges, and affording him an opportunity to respond thereto. Since this was never done, we are compelled to reverse the Commission's opinion upholding Murray's termination. Inasmuch as the Commission awarded back-wages from the period of his initial termination through the post-termination hearing, we hereby hold Murray is entitled to back-wages from the date of his initial termination through his death, subject to a credit for any wages already received pursuant to the Commission's award. Further, Murray is entitled to all benefits, insurance and other emoluments derived from his employment as Attorney III with the Department of Revenue and Taxation.
For the reasons assigned, the decision of the Civil Service Commission is reversed.
REVERSED.
NOTES
[1] Civil Service Rule 12.3

Procedure in Removals, Demotions and Reductions in Pay of Permanent Employees.
(a) In every case of removal, demotion, or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall:
1. Furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action.
2. In such cases, the appointing authority or his duly authorized agent shall, commencing January 1, 1978, include in the written notice the following provision: "You may appeal this action to the Civil Service Commission within 30 days. The appeal must conform to the provisions of Chapter 13 of the Civil Service Rules."
3. The appointing authority shall furnish the Director a copy of such statement within fifteen calendar days of the date the employee is notified.
(b) A written statement to which reference is made in the preceding paragraph shall be deemed furnished to the employee
1. Upon actual receipt by, or manual delivery to, the employee or to any resident of suitable age and discretion of the employee's domicile, or
2. On the seventh day subsequent to the day on which an appointing authority establishes that it was deposited in the United States Mail, with proper postage affixed, and addressed to the employee at his last known address as furnished to the appointing authority at the time of employment, or as changed by the employee in writing.
(c) For purposes of this Rule, "detailed reasons" shall include at least a description of the misconduct for which the disciplinary action is being levied, the date, time and place of such misconduct, the names of persons directly involved in or directly affected by the misconduct (unless their identities are protected by state or federal statute or regulation, in which case, identification shall be made as permitted by such statute or regulation) and such other information as will fully inform the employee of the charge against him and will enable him to prepare a defense.