546 So.2d 545 (1989)
Sara MAURELLO
v.
DEPARTMENT OF HEALTH AND HMAN RESOURCES, OFFICE OF MANAGEMENT AND FINANCE.
No. 88/CA/0994.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
*546 Howard P. Elliott, Baton Rouge, for appellant.
Stevens J. White, Staff Atty., Dept. of Health and Hospitals, Office of the General Counsel, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.

FACTS
The pertinent facts of this case are as follows: On May 24, 1983, the Office of Management and Finance of the Department of Health and Human Resources (DHHR) sent a letter to plaintiff Sara Maurello, a permanent classified employee with DHHR holding an Account Clerk II position. The letter informed Ms. Maurello that pursuant to Civil Service Rule 12.3, she was being notified that at the close of business on May 31, 1983, she was terminated from her position.[1] Another letter dated May 31, 1983, was sent to Ms. Maurello again informing her that she was terminated as of that date. Ms. Maurello appealed her termination; a full evidentiary hearing before a Civil Service Commission (CSC) Referee was held on October 11, 1983. On February 20, 1984, the Referee issued a decision wherein it upheld the termination, finding that there was just cause for Ms. Maurello's dismissal. Ms. Maurello appealed the decision of the Referee to the CSC which denied her application for review on May 14, 1984. Ms. Maurello then appealed the decision of the CSC to this court, and on May 28, 1986, in an unpublished opinion, we upheld the Referee's decision affirming Ms. Maurello's termination. On October 31, 1986, the Louisiana Supreme Court granted writs, set aside the judgment of this court, and remanded the case to this court "for reconsideration in light of the recent U.S. Supreme Court decision in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)."[2]Maurello v. Department of Health & Human Resources, *547 Office of Management & Finance, 496 So.2d 316 (La.1986). This court issued an en banc decision on June 29, 1987, wherein we found that the termination letters received by Ms. Maurello did not notify her that she had a right to respond either orally or in writing to the charges set forth prior to her May 31, 1983 dismissal date. We therefore held that "the fundamental federal and state constitutional due process requirements as set forth in Loudermill have not been met...." Maurello v. Department of Health and Human Resources, Office of Management & Finance, 510 So.2d 458, 461 (La.App. 1st Cir.), writ denied, 514 So.2d 460 (La.1987). We then stated:
For the foregoing reasons, we are compelled to reverse the decision of the CSC and set aside Ms. Maurello's termination. Because we have set aside the dismissal based on failure of compliance with due process requirements, we do not pass on the factual reasons for her dismissal. Our holding does not preclude DHHR and CSC from reconsidering this matter after notice and the opportunity to respond have been met. This matter is remanded for further proceedings consistent with this opinion.
After the supreme court denied writs sought by the CSC from our decision, Ms. Maurello sent a letter on November 18, 1987 to the CSC requesting a hearing on the remand ordered by this court. On February 2, 1988, a hearing was held before the CSC; prior to this hearing, DHHR never instituted any new termination proceedings wherein Ms. Maurello was given an opportunity to respond to the charges against her prior to termination. On April 25, 1988, the CSC rendered its decision, finding that Ms. Maurello was not entitled to reinstatement to her former position and that she was only entitled to back pay from the time of her termination (May 31, 1983) through the date she was afforded an evidentiary hearing before the CSC Referee (October 11,1983). According to the CSC's decision, it was only during this period of time that Ms. Maurello was unconstitutionally deprived of her rights.[3] The CSC reasoned that Ms. Maurello was terminated prior to the Loudermill decision and that her termination was accomplished in compliance with all Civil Service rules and due process standards in existence at that time. The CSC said that the termination and resulting deprivation of wages following Ms. Maurello's post-termination hearing were constitutional. The CSC stated: "We do not believe that the Court of Appeal's reversal of appellant's termination extended to a reversal of the termination that was effected after the meeting of constitutional due process standards, but only a reversal of the termination had in violation of those standards." The CSC continued: "the procedural concept of a pre-termination hearing at this point appears to us to be useless." The CSC added that had this court intended Ms. Maurello to be reinstated with back pay, "a simple reversal would have accomplished this result because LSA R.S. 49:113 would automatically have been applicable."[4] The CSC concluded that we *548 remanded the case in order for the CSC to determine the appropriate relief for Ms. Maurello.
Ms. Maurello appeals, urging seven assignments of error. Plaintiffs assignments of error present two issues for review:
1. Was the action of the CSC in failing to reinstate Ms. Maurello and in awarding her back pay for the period between the termination date and the post-termination hearing proper?
2. If not, what is the appropriate remedy for Ms. Maurello?

LEGAL ANALYSIS
We find the action of the CSC to be inconsistent with our June 1987 opinion. When we rendered our opinion, Ms. Maurello had not had a pretermination hearing, but had had a post-termination hearing. Maurello, 510 So.2d at 459-460. With these facts before us, we found that Ms. Maurello's due process rights had been violated and that the procedures used by DHHR to terminate Ms. Maurello were unconstitutional. Maurello, 510 So.2d at 461.
On remand, the CSC considered the same facts and in effect found that the post-termination hearing cured any constitutional defect due to the failure to have a pretermination hearing.
The CSC's finding is clearly inconsistent with the earlier opinion of this court. Furthermore, the CSC has no authority to determine the constitutionality of its own rules and procedures. Murray, 504 So.2d at 563; Bell v. Department of Health and Human Resources, 483 So.2d 945, 947 n. 1 (La.1986). Finally, we reiterate: the fact that Ms. Maurello had a post-termination hearing does not make her termination without a pretermination hearing constitutional. See Cleveland Board of Education v. Loudermill, 105 S.Ct. at 1496. Thus, the CSC's finding that Ms. Maurello was not entitled to reinstatement because the termination procedures satisfied due process is clearly wrong.
Because we initially set aside Ms. Maurello's termination and because DHHR never instituted any new termination proceedings which would satisfy Loudermill due process requirements (with a pretermination hearing on other opportunity to respond prior to termination), Ms. Maurello has never been legally terminated. See Bennett v. Louisiana Wild Life and Fisheries Commission, 234 La. 678, 101 So.2d 199, 201-202 (La.1958). Since Ms. Maurello has never been legally terminated, she retains her status as a Civil Service employee and as such is entitled to receive payment of her salary until she is lawfully removed or suspended for cause. Bennett, 101 So.2d at 201-202; LSA-R.S. 49:113. Any wages due Ms. Maurello by DHHR are subject to the credits and set-offs provided under LSA-R.S. 49:113 as well as a credit for any wages already received pursuant to the CSC's April 25, 1988 decision. We note that in two other cases wherein an employee's termination was set aside due to the lack of a Loudermill pretermination hearing, the employee was reinstated and awarded back pay. Murray v. Department of Revenue and Taxation, 543 So.2d 1150 (La.App. 1st Cir.1989); Brumfield v. Department of Fire, 488 So.2d 1181 (La. App.4th Cir.1986); Brumfield v. Department of Fire, 523 So.2d 876 (La.App.4th Cir.1988); Brumfield v. Department of Fire, 531 So.2d 1094 (La.App.4th Cir.1988).
Because we set aside Ms. Maurello's dismissal due to the failure of DHHR to comply with Loudermill notice requirements, we do not pass on the reasons for her dismissal. Our ruling does not preclude DHHR and the CSC from reconsidering this matter after notice and opportunity to respond requirements have been met.
For these reasons, the decision of the CSC is reversed. Ms. Maurello is reinstated to her position and DHHR is to pay Ms. Maurello all salaries and wages withheld *549 from May 31, 1983 until she is legally terminated or suspended without pay, against which amount shall be credited and set-off all wages and salaries earned by Ms. Maurello in private employment during the period of illegal separation; any retirement benefits received by Ms. Maurello during the period of illegal separation; and any unemployment benefits received by Ms. Maurello during the period of illegal separation. Costs of this appeal in the amount of $111.00 to be assessed against DHHR.
REVERSED.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
I agree with the majority opinion. I concur only to point out that there has been a significant lapse of time from the claimant's initial termination on May 31,1983, to the present, and to observe that if DHHR and the CSC begin termination proceedings again, claimant's ability to defend her position may well be acutely prejudiced by this lapse of time.
There is a doctrine based on equity which has been used by the courts of this state in circumstances where there is no express prescriptive period. See Osborne v. Stone, 472 So.2d 223, 225 (La.App.lst Cir.1985). This defense[1] is laches, and is premised on unreasonable delay coupled with prejudice resulting from said delay. Id. Our holding today is tantamount to a determination of unreasonableness of the delay between the date of our June 29, 1987, ruling and the present.
Laches has been applied to claims by aggrieved public employees against the public body based on equitable considerations "peculiar to public bodies, which operate within the constraints of each fiscal year, [requiring] that such claims be promptly asserted in order that public revenues normally channelled in the claimant's direction might not be irretrievably diverted to other lawful public purposes, thereby upsetting the orderly fiscal processes of government." Bradford v. City of Shreveport, 305 So.2d 487, 493-94 (La.1975). See also Osborne, 472 So.2d at 226. Laches has also been applied to an appeal from an order of the Louisiana Commissioner of Conservation for similar reasons. See Corbello v. Sutton, 442 So.2d 610, 619 (La. App.lst Cir.1983) (stating that an overriding concern for the "stability of orderly fiscal and administrative processes requires that review or appeal of such orders ... [be made] with all due diligence and speed.").
I concur to admonish the Civil Service Commission for its blatant disregard of this court's previous ruling and for the unreasonable delay in resolving this matter. I suggest that before termination proceedings are begun again, a determination should be made as to the extent of any prejudice caused claimant therefrom.
I respectfully concur.
NOTES
[1] According to the letter, the reason for Ms. Maurello's termination was as follows:

The reason for this action is that you have abandoned your position; specifically, you left your duty station at 9:00 a.m. Friday, May 13, 1983, and have failed to notify your superiors as to your availability to return to work. You have also failed to provide approvable documentation to support your absence as previously directed. (Copies of correspondence attached)
The letter advised Ms. Maurello that she could appeal the termination to the Civil Service Commission (CSC) within thirty days.
[2] Ms. Maurello first raised the contention that she had been denied due process because no pretermination hearing was held in accordance with the mandates of Loudermill on her application for rehearing of this court's May 28, 1986 decision.
[3] The CSC followed its decision in Appeal of James W. Murray (Department of Revenue and Taxation), a case wherein an employee's termination was set aside by this court and the matter remanded to the CSC due to lack of a pretermination hearing. Murray v. Department of Revenue and Taxation, 504 So.2d 561 (La.App. 1st Cir.1986), writs denied, 504 So.2d 880, 882, 883 (La.1987). The CSC found that as to the pertinent facts, the Maurello case was indistinguishable from the Murray case and in Maurello adopted the reasons it set forth in Murray.

In Murray, upon remand, the CSC did not reinstate Murray and only awarded him back pay from the date of his initial termination through the date of his post-termination hearing. In an unpublished opinion handed down on May 12, 1989, this court reversed the decision of the CSC, finding that the CSC erred in ruling on remand in a manner inconsistent with the prior ruling of this court. Murray v. Department of Revenue & Taxation, 543 So.2d 1150 (La.App. 1st Cir.1989). We held that the CSC's finding that Murray's post-termination hearing cured any constitutional defect was incorrect. According to this court, because Murray had never lawfully been terminated, he was entitled to back wages from his initial termination through his death.
[4] LSA-R.S. 49:113 reads as follows:

§ 113. Salaries and wages of employees Illegally separated; off-set of wages earned in outside employment
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.
[1] In Osborne v. Stone, 472 So.2d 223 (La.App. 1st Cir.1985), this court held that laches may be pled by the peremptory exception or as an affirmative defense.